UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

FILED
DEC 23 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KENNETH R. FLAUM, Individually,

    Plaintiff,

vs.

Case No. 4:13 cv172

CNU HIDEN SHOPPING CENTER, LLC, a
Virginia Limited Liability Company,

    Defendant.

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CNU HIDEN SHOPPING CENTER, LLC, a Virginia Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendant's property, The Hiden Shopping Center, is located at 12409 Warwick Blvd., Newport News, VA 23606, in the County of Newport News.

3. Venue is properly located in the Eastern District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter for mobility. Mr. Flaum is permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property, once it is made fully accessible, to avail himself of the goods and services offered to the public at this property. The Plaintiff has encountered architectural barriers at the subject shopping center, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property, and have limited his ability to park at the premises, to maneuver clearances at doors in the premises, to reach the counters, and to use the restroom. The ADA violations and barriers to access at this shopping center are more specifically set forth in this Complaint. The barriers to access at the property has also endangered his safety.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA) (INJUNCTIVE RELIEF DEMANDED)

The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Hiden Shopping Center, and is located at located at 12409 Warwick Blvd., Newport News, VA.

7. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit the The Hiden Shopping Center not only to avail himself of the goods and services available at this facility but to assure himself that this facility is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspection of the The Hiden Shopping Center has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

### Parking and Accessible Routes

A. There are no access aisles provided at many of the accessible parking spaces at this facility violating Section 502.2 of the 2010 ADA Standards for Accessible Design.

B. Some of the disabled use spaces and/or access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the 2010 ADA Standards for Accessible Design.

C. There are no signs provided at some of the disabled use spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design.

D. The maneuvering clearance of some of the doors at the facility do not comply with the requirements of Section 404.2.1 of the 2010 ADA Standards for Accessible Design.

E. There are protruding objects present throughout the facility, in violation of Sections 204 and 307 of the 2010 ADA Standards for Accessible Design.

### Access to Goods and Services

F. There are permanently designated interior and exterior spaces without the signage required in Section 216 of the 2010 ADA Standards for Accessible Design.

G. There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

H. There are elements at this facility that are not within the reach ranges required by Section 308 of the 2010 ADA Standards for Accessible Design.

### Public Restrooms

I. The maneuvering clearances that are provided at the restroom doors do not comply with the provisions of Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

J. The location of the flush control on some of the public use W/Cs at the facility does not comply with the requirements of Section 604.6 of the 2010 ADA Standards for Accessible Design.

K. The toilet stalls provided for public use at the facility are in violation of Sections 604.8.1 and 604.8.2 of the 2010 ADA Standards for Accessible Design.

**Business and Mercantile Establishments**

  L. There are check out counters that are not in compliance with the requirements of Sections 904.3.2 and 904.3.3 of the 2010 ADA Standards for Accessible Design.

10. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and their facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may

be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility are those which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Hiden Shopping Center to make the facility readily accessible and useable to the Plaintiff and all other persons

with disabilities as defined by the ADA, or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## VIRGINIA STATE CLAIM (DAMAGES)

16. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 17 of this Complaint.

17. Defendant's property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

18. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

19. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

20. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

d. The Court issue a Declaratory Judgment that the Defendant has violated the Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Respectfully Submitted,

Reed S. Tolber, Esquire
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659; (866) 345-1901 - Facsimile
reedtolber@gmail.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199; (305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By: _____
Reed S. Tolber, Esquire, VA Bar No. 66015

Date: 12/23/13

Counsel for Plaintiff Kenneth R. Flaum

#4507-CNU Hiden Shopping Center, LLC Complaint (slm 11-8-13).wpd